## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **In re: LUPRON® MARKETING AND SALES PRACTICES LITIGATION** | ) ) ) ) | **MDL NO. 1430** |
|  | ) | **Master File No. 01-CV-10861** |
| **THIS DOCUMENT RELATES TO Case No. 04-10176 (RGS)** | ) ) ) | **Judge Richard G. Stearns** |

## ORDER

AND NOW, this _____ day of _____, 2005, upon

consideration of the Motion to Quash Intervenor Plaintiffs Valerie Samsell's and Milton

Greene's Subpoena of Theresa E. Loscalzo, Esquire and any opposition thereto, IT IS HEREBY

ORDERED that the Motion is GRANTED and Intervenor Plaintiffs Valerie Samsell's and

Milton Greene's Subpoena of Theresa E. Loscalzo, Esquire is quashed.


_____
Richard G. Stearns, Judge
United States District Court

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: LUPRON® MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) | MDL NO. 1430 |
| | ) | Master File No. 01-CV-10861 |
| | ) | |
| THIS DOCUMENT RELATES TO Case No. 04-10176 (RGS) | ) ) ) | Judge Richard G. Stearns |

## MOTION TO QUASH INTERVENOR PLAINTIFFS VALERIE SAMSELL'S AND MILTON GREENE'S SUBPOENA OF THERESA E. LOSCALZO, ESQUIRE

Plaintiff Aetna Health, Inc., individually and on behalf of its subsidiaries and affiliates, as assignee or otherwise ("Aetna"), and Aetna's counsel, Theresa E. Loscalzo, Esquire, hereby move to quash the subpoena served by Intervenor Plaintiffs Valerie Samsell and Milton Greene on Aetna's counsel, Theresa E. Loscalzo.

1.      On March 4, 2005, Intervenors served Ms. Loscalzo with a subpoena to appear for deposition on March 14, 2005. (A copy of the subpoena is attached as Exhibit A).

2.      Rule 45 provides that on timely motion, the Court shall quash or modify a subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

3.      Rule 45 also permits this Court to quash a subpoena if it requires disclosure of confidential commercial information.

4.    Rule 26(c) empowers the Court to enter such orders as are required to protect a party or person from discovery that will result in unreasonable annoyance, embarrassment, oppression, or undue burden or expense.

5.    The subpoena here should be quashed because it requires disclosure of privileged and other protected matter, subjects Theresa E. Loscalzo, Esquire to undue burden, requires the disclosure of confidential commercial information and will result in unreasonable annoyance, embarrassment, oppression, or undue burden or expense.

6.    Based on the Intervenors' articulated purposes in serving counsel for the private insurers with subpoenas, and on the scope and nature of the discovery served on Aetna on February 16, 2005, the subpoena served on Aetna's counsel likely will call for the deponent to disclose protected, confidential and privileged information.

7.    Intervenors have made clear that they seek discovery concerning "all details" of the settlement negotiations regarding both the Class and Settling Health Plan Settlements. *See* Certification of Jonathan Liss, attached hereto as Exhibit B.

8.    Moreover, the subpoena requiring the deposition of Aetna's counsel also is improper because it is well outside the proper scope of intervention and cannot possibly enlighten this Court as to the fairness or adequacy of the class settlement – the only proper purpose for which discovery is permitted.

9.    Neither Aetna nor its counsel is a party to the Class Settlement Agreement that Intervenors seek to challenge.

PHDATA 1267473_1

10.    Intervenors are not entitled to conduct discovery as a matter of right now that the settlement agreement they seek to challenge has received preliminary approval.

11.    Class members seeking to object to a class action have a right to discovery only in very limited circumstances.

12.    To obtain any discovery at all, the requesting party must first demonstrate that the discovery sought is relevant to assisting the Court to determine whether the *class settlement* is fair and adequate.

13.    Intervenors here have not even attempted to show how the deposition they seek from counsel for Aetna – which reached a private settlement agreement with defendants and is not a party to the class settlement agreement – will assist the Court in determining whether the *class settlement* is fair and adequate.

14.    Likewise, despite repeated requests, Intervenors have failed to provide Aetna or Ms. Loscalzo with any authority that would support its position that Intervenors were permitted to depose an attorney of a non-class member private party that has entered into a private settlement agreement that does not require Court approval. *See* Liss Certification.

15.    Moreover, this Court has never ruled that the Intervenors are entitled to take any discovery at all, let alone deposition discovery of the parties' counsel, and Aetna urges the Court not to permit this overbroad and burdensome discovery of its counsel.

16.    Even though Intervenors appear to claim that the purpose of the requested discovery is to support Intervenors' apparent belief that the class settlement is not fair, Intervenors have not made the required showing that would entitle them to such discovery.

17.    A request for discovery relating to settlement negotiations cannot be entertained unless, during the course of a class settlement there has been an independent showing of collusion between the settling parties that leads the Court to conclude that additional information regarding the settlement negotiations is relevant to the Court's evaluation of the settlement's fairness.

18.    Intervenors raised, brief and argued their collusion theory, and it was soundly rejected by this Court.

19.    Because there was no collusion, Intervenors cannot obtain discovery into the MDL parties' settlement negotiations, especially negotiations between counsel for the non-class plaintiffs and the defendants concerning a private settlement agreement.

20.    Even if this Court were to allow Intervenors to re-open an issue they have already raised and lost – the alleged collusiveness of the class settlement – Intervenors' attempt to wrest broad, burdensome discovery from counsel to non-class members appears to go well beyond the intervention contemplated by the Court in its November 17, 2004 Order permitting Intervenors' to intervene in the class action.

21.    In its Order, the Court permitted "counsel for Valerie Samsell and Milton Greene to intervene for the purpose of participating in the process established by the court for the evaluation of the proposed [Class] settlement."

22.    Intervenors neither requested nor has the Court granted a motion to intervene in the Settling Health Plan litigations and Intervenors neither requested nor has the Court granted Intervenors the right to take discovery of the Settling Health Plans or their counsel.

4

23.    Given the extensive materials already provided to Intervenors' counsel and considering the strict limitations on an Intervenor's right to discovery, the proposed deposition discovery that Intervenors now seek cannot be viewed as reasonably calculated to lead to the discovery of admissible evidence.

24.    Rather, this subpoena is intended to harass and cause undue burden on Aetna and its counsel.

25.    Accordingly, Aetna and Theresa E. Loscalzo move to quash the deposition subpoena served on Theresa E. Loscalzo.

Respectfully submitted,

/s/ Elizabeth Ainslie
Elizabeth K. Ainslie
Theresa E. Loscalzo
Jonathan S. Liss
Jessica W. Troiano

Attorneys for Plaintiff,
Aetna Health, Inc.

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
(215) 751-2000

Of Counsel.

Dated:  March 10, 2005.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: LUPRON® MARKETING AND SALES PRACTICES LITIGATION | ) ) ) | MDL NO. 1430 |
|  | ) | Master File No. 01-CV-10861 |
|  | ) |  |
| THIS DOCUMENT RELATES TO Case No. 04-10176 (RGS) | ) ) ) | Judge Richard G. Stearns |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH INTERVENOR PLAINTIFFS VALERIE SAMSELL'S AND MILTON GREENE'S SUBPOENA OF THERESA E. LOSCALZO, ESQUIRE

Plaintiff Aetna Health, Inc., individually and on behalf of its subsidiaries and affiliates, as assignee or otherwise ("Aetna"), and Aetna's counsel, Theresa E. Loscalzo, Esquire, hereby move to quash the subpoena served by Intervenor Plaintiffs Valerie Samsell and Milton Greene on Aetna's counsel, Theresa E. Loscalzo.

## ARGUMENT

Rule 45 provides that on timely motion, the Court shall quash or modify a subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). Rule 45 also permits this Court to quash a subpoena if it requires disclosure of confidential commercial information. The subpoena here does all three and should be quashed.

Based on the Intervenors' articulated purposes in serving counsel for the private insurers with subpoenas, and, based as well on the scope and nature of the written discovery

served on Aetna on February 16, 2005, which will be addressed separately in response to Intervenors' Emergency Motion to Compel, the subpoena served on Aetna's counsel here likely will call for the deponent to disclose protected, confidential and privileged information, including information that is protected not only by the attorney-client privilege and work product doctrine, but also by federal health privacy laws.[1]  For these reasons alone, the subpoena should be quashed.

Moreover, the subpoena requiring the deposition of Aetna's counsel also is improper because it is well outside the proper scope of intervention and cannot enlighten this Court as to the fairness or adequacy of the *class* settlement, which is the only conceivable issue on which the Intervenors could be permitted to conduct discovery.[2]  Here, neither Aetna nor its counsel is a party to the Class Settlement Agreement that Intervenors seek to challenge. Intervenors are not entitled to conduct discovery at their whim now that the settlement agreement they seek to challenge has received preliminary approval.  Rather, this Court granted Intervenors a limited right to intervene in the Class Action for the purpose of challenging the Class Settlement, and this subpoena goes far beyond any rational interpretation of the scope of the limited intervention granted by this Court.

---

[1]    For example, interrogatories served on Aetna seek disclosure of the identity of the specific insureds who utilized Lupron, and the amount paid by Aetna for Lupron for each such insured.  (Intervenors' Interrogatory Request No. 6(a)-(c)).

[2]    Intervenors have already been provided with the necessary class settlement information from Defendants, including, *inter alia*, complete copies of the MDL parties' Memoranda of Understanding, the Class and SHP Agreements, and all materials submitted by the MDL parties in connection with the MDL Plaintiffs' Motion for Class Certification, including fact and expert depositions and expert reports. *See* Schedule A to Defendants' Objections to Intervenors' Proposed Depositions.

Rule 26(c) empowers the Court to enter such orders as are required to protect a party or person from discovery that will result in unreasonable annoyance, embarrassment, oppression, or undue burden or expense. The subpoena necessarily subjects Aetna and its counsel to undue burden because neither Aetna nor its counsel are parties to the class action or the Class Settlement Agreement, and for this reason as well, the subpoena should be quashed.

I.    **THE INFORMATION THAT INTERVENORS SEEK DOES NOT APPEAR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE REGARDING THE FAIRNESS OR ADEQUACY OF THE CLASS SETTLEMENT.**

It is well settled that class members seeking to object to a class action have a right to discovery only in very limited circumstances. To obtain any discovery at all, the requesting party must first demonstrate that the discovery sought is relevant to assisting the Court to determine whether the *class settlement* is fair and adequate. *See In re Gen. Tire & Rubber Co. Securities Liitig.*, 726 F2d 1075, 1084 n.6 (6th Cir. 1984); *Hemphill v San Diego Ass'n of Realtors*, 225 F.R.D. 616, 619-20 (S.D. Cal. 2005); *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421 (N.D. Ga. 1992). Intervenors here have not even attempted to show how the deposition they seek from counsel for one of the parties to the SHP Group – which reached a private settlement agreement with defendants and is not a party to the class settlement agreement – will assist the Court in determining whether the *class settlement* is fair and adequate. Likewise, despite repeated requests, Intervenors have failed to provide Aetna or Ms. Loscalzo with any authority that would support its position that Intervenors were permitted to depose an attorney of a non-class member private party that has entered into a private settlement agreement that does not require Court approval. *See* Certification of Jonathan Liss, attached as Exhibit A to the Motion to Quash. Aetna is not a class member. Aetna is not a party to the class settlement.

And the SHP Agreement is a settlement agreement among private parties that in no way concerns Intervenors.

Moreover, Intervenors' claim that the Court has already granted them permission to conduct this discovery is simply false. This Court has never ruled that the Intervenors are entitled to take any discovery at all, let alone deposition discovery of a non-class counsel, and Aetna urges the Court not to permit this overbroad and burdensome discovery of its counsel.

## II.    THE SUBPOENA IS BEYOND THE PERMISSIBLE SCOPE OF INTERVENTION AND IS BURDENSOME AND INTENDED TO HARASS.

Even though Intervenors appear to claim that the purpose of the requested discovery is to support Intervenors' apparent belief that the class settlement is not fair, in part, because Intervenors' claim it was reached through collusion of the parties, Intervenors have not made the required showing that would entitle them to such discovery. Intervenors have made clear that they seek discovery concerning "all details" of the settlement negotiations regarding both the Class and Settling Health Plan Settlements. *See* Liss Certification. A request for discovery relating to settlement negotiations cannot be entertained unless, during the course of a class settlement there has been an independent showing of collusion between the settling parties that leads the Court to conclude that additional information regarding the settlement negotiations is relevant to the Court's evaluation of the settlement's fairness. *See Mars Steel Corp. v. Continental Illinois Nat'l Bank and Trust Co.*, 144 F.R.D. 421, 684 (7th Cir. 1987); *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 708 (7th Cir. 2001).

Intervenors raised, briefed and argued their collusion theory, and it was soundly rejected by this Court:

> First, what I would like to take off the table is any suggestion that
> the Court is suspicious of collusion, and the reason that I am
> confident that no such thing has occurred in this case is that I have
> had to preside over it for three years, and I have been able to take
> the temperature of the adversarial nature of the litigation as
> between the MDL parties. The litigation has been aggressive. I do
> not think over aggressive, but certainly zealous from the standpoint
> of the clients that were represented by both sides.

(Transcript of November 23, 2004 Preliminary Approval Hearing at 113).

The Court reiterated this point in its November 24, 2004 Order Granting

Preliminary Approval of Settlement, Certifying Class for Purposes of Settlement, Directing

Notice to the Class and Scheduling Fairness Hearing, stating:

> I am satisfied that the negotiations in this case have been
> conducted at arm's length and that the proposed settlement is free
> from any hint of collusion. Counsel involved on both sides of the
> MDL proceedings are honorable litigators devoted to the interests
> of their clients. The case has been vigorously contested from its
> inception, as evidenced by the number of decisions that have
> emanated from this court and the Court of Appeals addressing
> disputes over jurisdiction, discovery, and substantive law.
> Discovery has proceeded for three years and has involved at least
> two score depositions and the production and analysis of hundreds
> of thousands of pages of documents. Counsel are among the most
> experienced lawyers the national bar has to offer in the prosecution
> and defense of significant class actions.

(*Id.* at 3). Because there was no collusion, Intervenors cannot obtain discovery into the MDL

parties' settlement negotiations, especially negotiations between counsel for a non-class plaintiff

and the defendants concerning a private settlement agreement.

Even if this Court were to allow Intervenors to re-open an issue they have already

raised and lost – the alleged collusiveness of the class settlement – Intervenors' attempt to wrest

broad burdensome discovery from counsel to non-class members goes well beyond the

5

intervention contemplated by the Court in its November 17, 2004 Order. In its Order, the Court permitted "counsel for Valerie Samsell and Milton Greene to intervene for the purpose of participating in the process established by the court for the evaluation of the proposed [Class] settlement." Intervenors neither requested nor has the Court granted a motion to intervene in the Settling Health Plan litigations. Intervenors neither asserted nor has the Court granted Intervenors any right to take discovery of the Settling Health Plans or their counsel. Aetna is not a party to the class settlement and as a private party was free to settle with defendants on any terms it negotiated. Aetna's counsel had the right to conduct those negotiations as they deemed appropriate and in the best interest of Aetna in order to reach a settlement with defendants. For Intervenors to be permitted to delve into the settlement strategies and communications of Aetna's counsel would be an extraordinary deviation from settled procedure. It is therefore not surprising that when pressed for authority to support their subpoena during the meet-and-confer process, Intervenors' counsel could point to none. *See* Liss Certification.

In short, the Settling Health Plans are not parties to the Class Actions, Aetna is not a class member, and Aetna's outside counsel is hardly in a position to enlighten Intervenors as to the class settlement.[3] Accordingly, the discovery is wholly improper as it seeks neither relevant information nor is it reasonably calculated to lead to the discovery of admissible evidence. Rather, as discussed below, it will only harass and cause undue burden to Aetna and its counsel.

---

[3]  Intervenors have already been provided with the necessary class settlement information from Defendants, including, *inter alia*, complete copies of the MDL parties' Memoranda of Understanding, the Class and SHP Agreements, and all materials submitted by the MDL parties in connection with the MDL Plaintiffs' Motion for Class Certification, including fact and expert depositions and expert reports. *See* Schedule A to Defendants' Objections to Intervenors' Proposed Depositions.

**III.    THE INFORMATION THAT INTERVENORS SEEK INVADES PRIVILEGE, PROBES CONFIDENTIAL COMMERCIAL AND FEDERALLY PROTECTED INFORMATION, DOES NOT APPEAR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE, IS OVERBROAD AND APPEARS CALCULATED TO HARASS AND CAUSE UNDUE BURDEN ON AETNA AND ITS COUNSEL.**

Aetna and Theresa E. Loscalzo further move to quash the deposition subpoena because it necessarily seeks information that is protected by the attorney-client privilege, the work-product doctrine, third-party confidentiality agreements or protective orders and other privileges and requests confidential and proprietary information. Moreover, given the extensive materials already provided to Intervenors' counsel and considering the strict limitations on an Intervenor's right to discovery, the proposed deposition discovery that Intervenors now seek cannot be viewed as reasonably calculated to lead to the discovery of admissible evidence. Rather, this subpoena is intended to harass and cause undue burden on Aetna and its counsel, especially in light of the fact that Aetna is not a party to the class action in which Intervenors' were permitted to intervene.

**CONCLUSION**

For the reasons set forth in this memorandum, Aetna's and Theresa E. Loscalzo's motion to quash the deposition subpoena served on Theresa E. Loscalzo should be granted and

Intervenors' deposition subpoena served on Theresa E. Loscalzo, Esquire should be quashed.

Respectfully submitted,

/s/ Elizabeth K. Ainslie
Elizabeth K. Ainslie
Theresa E. Loscalzo
Jonathan S. Liss
Jessica W. Troiano

Attorneys for Plaintiff,
  Aetna Health, Inc. and Theresa E. Loscalzo

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
(215) 751-2000

Of Counsel.

Dated: March 10, 2005.

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

For The Eastern                          DISTRICT OF    Pennsylvania

                                         **SUBPOENA IN A CIVIL CASE**

            V.

In Re: Lupron Marketing and Sales Practices
                                         Case Number:[1] In the United States District Court
                                         District of Massachusetts
TO:  Theresa E. Loscalzo c/o Schnader, Harrison, Segal & Lewis, LLP      MDL No: 1430
     1600 Market Street, Suite 3600, Philadelphia, PA  19103             Master File No: 01-CV-10861

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Schnader, Harrison, Segal & Lewis, 1600 Market Street, Suite 3600, Phila., PA | 3/14/05 @ 9:30 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 3/4/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Donald E. Haviland, Jr., Esquire, Kline & Specter, P.C., 1525 Locust Street, 19th Floor, Philadelphia, PA  19102
(215) 772-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: LUPRON® MARKETING AND SALES PRACTICES LITIGATION )<br>)<br>) | MDL NO. 1430 |
| ————————————————————— ) | Master File No. 01-CV-10861 |
| )<br>THIS DOCUMENT RELATES TO )<br>Case No. 04-10176 (RGS) ) | Judge Richard G. Stearns |

---

### CERTIFICATION OF JONATHAN LISS

---

In accordance with Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that I have conferred with counsel for Intervenor Plaintiffs Valerie Samsell and Milton Greene ("Intervenors") and despite our best efforts we are unable to resolve our dispute concerning the subpoena Intervenors served on Plaintiff Aetna Health, Inc., counsel, Theresa E. Loscalzo, Esquire.

On March 9, 2005, my partner Sherry Swirsky, Esquire and I spoke with Intervenor's counsel TerriAnne Benedetto, Esquire to discuss the basis for its deposition of Ms. Loscalzo. Ms. Benedetto stated that Intervenors sought discovery concerning "all details" of the settlement negotiations regarding both the Class and Settling Health Plan Settlements. Despite our repeated requests, Ms. Benedetto failed to provide us with any authority that would support her position that Intervenors were permitted to depose an attorney of a non-class member private party that has entered into a private settlement agreement that does not require Court approval.

We requested that Ms. Benedetto withdraw the subpoena as Intervenors have failed to make the necessary preliminary showing of collusion with respect to the Class

Settlement in order to justify permitting the discovery of private settlement negotiations. Ms.

Benedetto refused. Consequently, Aetna and Ms. Loscalzo are left with no choice but to seek an

Order to Quash the Subpoena from the Court.


/s/ Jonathan S. Liss
Jonathan S. Liss

*Attorneys for Plaintiff, Aetna Health, Inc. and*
*Theresa Loscalzo, Esquire*


SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103-7286
(215) 751-2000

Of Counsel.

Dated:  March 10, 2005.

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2005, I caused to be served a true and correct copy of the foregoing Motion to Quash Intervenor Plaintiffs Valerie Samsell's and Milton Greene's Subpoena of Theresa E. Loscalzo via facsimile and first class mail, postage prepaid, on:

Donald E. Haviland, Jr., Esquire
Kline & Specter, P.C.
Commerce Center, Suite 302
1800 Chapel Avenue
Cherry Hill, NJ 08002

And via verilaw on:

Daniel E. Reidy
Tina M.Tabacchi
Kelly P. Glauberman
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692

Joseph F. Savage, Jr.
Goodwin Procter
Exchange Place
Boston, MA 02109

Zona Jones
Gregory C. Cox
Provost Umphrey, L.L.P.
P.O. Box 4905
Beaumont, TX 77704

Michael A. Lee
J. Hoke Peacock, III
Joseph S. Grinstein
Susman Godfrey, L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096

Thomas M. Sobol
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110

Jeffrey L. Kodroff
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Michael D. Hausfeld
Cohen, Milstein, Hausfeld & Toll
1100 New York Avenue, N.W. Suite 500
Washington, DC 20005

Charles A. Dauphin
Baxley, Dillard, Dauphin, McKnight
 & Barclift
2008 3rd Avenue South
Birmingham, AL 35233

Joshua T. Buchman
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606

Robert R. Stauffer
Jenner & Block
One IBM Plaza, 45th Floor
Chicago, IL 60611

Michael Hefter
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019

Joseph Saveri
Lief Cabraser Heimann & Bernstein
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339

Richard W. Cohen
Lowey Dannenberg Bemporad
 & Sellinger P.C.
The Gateway
One North Lexington Avenue
White Plains, NY  10601


/s/ Jonathan S. Liss
Jonathan S. Liss