IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: LUPRON® MARKETING AND SALES PRACTICES LITIGATION | MDL NO. 1430 |
| | Master File No. 01-CV-10861 |
| THIS DOCUMENT RELATES TO Case No. 04-10176 (RGS) | Judge Richard G. Stearns |

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of Intervenor Plaintiffs Valerie Samsell's And Milton Greene's Emergency Motion To Compel Discovery From Proponents Of The Settlement And Third Parties And For Adjournment Of The Fairness Hearing and the opposition thereto, IT IS HEREBY ORDERED that the Motion is DENIED as applied to Aetna Health, Inc. and Elizabeth Ainslie, Esquire.

　　　　　　　　　　　　　　　　　　　　　Richard G. Stearns, Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: LUPRON® MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) | MDL NO. 1430 |
| | | Master File No. 01-CV-10861 |
| THIS DOCUMENT RELATES TO Case No. 04-10176 (RGS) | ) ) ) | Judge Richard G. Stearns |

**RESPONSE OF AETNA HEALTH, INC. TO INTERVENOR PLAINTIFFS VALERIE SAMSELL'S AND MILTON GREENE'S EMERGENCY MOTION TO COMPEL DISCOVERY FROM PROPONENTS OF THE SETTLEMENT AND THIRD PARTIES AND FOR ADJOURNMENT OF THE FAIRNESS HEARING**

Plaintiff Aetna Health, Inc., individually and on behalf of its subsidiaries and affiliates, as assignee or otherwise ("Aetna"), hereby responds to Intervenor Plaintiffs Valerie Samsell's and Milton Greene's Emergency Motion to Compel Discovery From Proponents of the Settlement and Third Parties and For Adjournment of the Fairness Hearing ("Motion to Compel"). For the reasons discussed below, the motion to compel is both premature and without basis.

## INTRODUCTION

At the outset, at least as applied to Aetna and its counsel, this motion is wholly premature. There presently is absolutely no justiciable controversy as to Aetna. The written discovery served upon Aetna was not served until February 16, 2005. Aetna's response to the discovery therefore is not yet even due. Likewise, as Intervenors concede in their moving

papers, Aetna's counsel, Elizabeth Ainslie, has not yet even been served with a subpoena for her deposition. Nonetheless, Intervenors seek both to compel responses to the written discovery and an order directing Ms. Ainslie's deposition to go forward. Intervenors' Motion to Compel should be denied as to Aetna on the basis that it is not yet ripe.

Aside from the fact that the Motion to Compel is wholly premature, the sought discovery is improper, beyond the permissible scope of intervention, invasive of a myriad of privileges and not reasonably calculated to lead to the discovery of admissible evidence. On November 17, 2004, following a motion to intervene, the Court entered an Order to permit "counsel for Valerie Samsell and Milton Greene to intervene for the purpose of participating in the process established by the court for the evaluation of the proposed [Class] settlement." Aetna is not a party to the class settlement. Rather, as this Court is aware, Aetna and a number of other insurance companies' health plans (hereafter "Settling Health Plans" or "SHP Group") brought individual lawsuits separate and apart from those brought by the class. The Settling Health Plans' separate actions were consolidated and coordinated in the United States District Court for the District of Massachusetts by the MDL panel. In November 2004, the Settling Health Plans entered into a private settlement agreement with defendants to resolve their private claims against defendants (hereafter "SHP Agreement").

At or about the time the SHP Agreement was entered into, defendants entered into a separate distinct settlement agreement with the Lupron® Purchaser Class (hereafter "Class Agreement"). The Class Agreement needs Court approval. The SHP Agreement does not need Court approval since it is a settlement agreement among private parties. The discovery sought by Intervenors concerns the Class Settlement, an agreement to which Aetna is not a party.

2

Accordingly, as we discuss in more detail below, Intervenors motion to compel discovery is wholly premature, well beyond the permissible scope of intervention, invasive of a cadre of privileges, and not reasonably calculated to lead to the discovery of admissible evidence, and therefore, should be denied.

## ARGUMENT

### I. INTERVENORS' MOTION TO COMPEL IS PREMATURE AS DIRECTED TO AETNA AND ITS COUNSEL.

First, as directed toward Aetna and its counsel, Intervenors' motion to compel is wholly premature. Intervenors' did not serve their written discovery requests on Aetna until February 16, 2005. Aetna's responses, therefore, are not due until March 18, 2005.[1] Likewise, Intervenors concede in their moving papers that Aetna's counsel, Elizabeth Ainslie, has not yet even been served with a subpoena.[2] Moreover, Intervenors never sought to meet and confer with Aetna or Ms. Ainslie before filing this motion. Despite these obvious deficiencies and the lack of any justiciable controversy, Intervenors press for an Order allowing them to press forward with this discovery. Intervenors' Motion must be denied for these deficiencies alone.

---

[1] In any event, Aetna is not a party to the class action in which Intervenors were granted permission to intervene and therefore, the Interrogatories and Document Requests served on Aetna are not proper vehicles for discovery of non-parties. Aetna should not be required to respond to them.

[2] Other outside counsel for Aetna, Theresa E. Loscalzo, was served with a subpoena on March 4, 2005, and is the subject of Aetna's and Ms. Loscalzo's motion to quash which is being filed simultaneously with this response to the motion to compel. The subpoena served on Ms. Loscalzo is not mentioned in Intervenors' Emergency Motion to Compel.

## II. THE INFORMATION THAT INTERVENORS SEEK DOES NOT APPEAR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE REGARDING THE FAIRNESS OR ADEQUACY OF THE CLASS SETTLEMENT.

Not only is the motion premature, but the requested discovery is improper as well. Indeed, the Court should reject out of hand any attempt by Intervenors to take discovery of the SHP Group for a more compelling reason: It is well settled that class members seeking to object to a class action have a right to discovery only in very limited circumstances. To obtain any discovery at all, the requesting party must first demonstrate that the discovery sought is relevant to assisting the Court to determine whether the *class settlement* is fair and adequate. *See In re Gen. Tire & Rubber Co. Securities Liitig.*, 726 F2d 1075, 1084 n.6 (6th Cir. 1984); *Hemphill v San Diego Ass'n of Realtors*, 225 F.R.D. 616, 619-20 (S.D. Cal. 2005); *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421 (N.D. Ga. 1992). Intervenors here have not even attempted to show how the discovery they seek from the SHP Group – who reached a private settlement agreement with defendants – will assist the Court in determining whether the *class settlement* is fair and adequate. Indeed, some of the discovery sought from Aetna relates to Aetna's claims, and Aetna's settlement, and the amount of dollars Aetna has paid in Lupron claims on behalf if its insureds. Aetna is not a Class member. Aetna is not a party to the class settlement. And the SHP Agreement is a settlement agreement among private parties that in no way concerns Intervenors.

In sum, the discovery sought from the SHP Group is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence regarding the fairness or adequacy of the *Class Settlement* – to which the SHPs are not parties. Accordingly, Intervenors' Motion to Compel should be denied for this reason as well.

### III. THE DISCOVERY SOUGHT IS BEYOND THE PERMISSIBLE SCOPE OF INTERVENTION AND IS BURDENSOME AND INTENDED TO HARASS.

Even though Intervenors appear to claim that the purpose of the requested discovery is to support Intervenors' apparent belief that the class settlement is not fair, in part, because Intervenors claim it was reached through collusion of the parties, Intervenors have not made the required showing that would entitle them to such discovery. A request for discovery relating to settlement negotiations cannot be entertained unless, during the course of a class settlement there has been an independent showing of collusion between the settling parties that leads the Court to conclude that additional information regarding the settlement negotiations is relevant to the Court's evaluation of the settlement's fairness. *See Mars Steel Corp. v. Continental Illinois Nat'l Bank and Trust Co.*, 834 F.2d 677, 684 (7th Cir. 1987); *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 708 (7th Cir. 2001).

Following extensive briefing and several hours of argument, the Court here rejected Intervenors' collusion theory:

> First, what I would like to take off the table is any suggestion that the Court is suspicious of collusion, and the reason that I am confident that no such thing has occurred in this case is that I have had to preside over it for three years, and I have been able to take the temperature of the adversarial nature of the litigation as between the MDL parties. The litigation has been aggressive. I do not think over aggressive, but certainly zealous from the standpoint of the clients that were represented by both sides.

(Transcript of November 23, 2004 Preliminary Approval Hearing at 113).

The Court reiterated this point in its November 24, 2004 Order Granting Preliminary Approval of Settlement, Certifying Class for Purposes of Settlement, Directing Notice to the Class and Scheduling Fairness Hearing, stating:

5

> I am satisfied that the negotiations in this case have been
> conducted at arm's length and that the proposed settlement is free
> from any hint of collusion. Counsel involved on both sides of the
> MDL proceedings are honorable litigators devoted to the interests
> of their clients. The case has been vigorously contested from its
> inception, as evidenced by the number of decisions that have
> emanated from this court and the Court of Appeals addressing
> disputes over jurisdiction, discovery, and substantive law.
> Discovery has proceeded for three years and has involved at least
> two score depositions and the production and analysis of hundreds
> of thousands of pages of documents. Counsel are among the most
> experienced lawyers the national bar has to offer in the prosecution
> and defense of significant class actions.

(*Id.* at 3).

Even if this Court were to allow Intervenors to re-open an issue they have already raised and lost – the alleged collusiveness of the class settlement – Intervenors attempt to wrest broad burdensome discovery from non-class members and their counsel appears to go well beyond the intervention contemplated by the Court in its November 17, 2004 Order. In its Order, the Court permitted "counsel for Valerie Samsell and Milton Greene to intervene for the purpose of participating in the process established by the court for the evaluation of the proposed [Class] settlement." Intervenors neither requested nor has the Court granted a motion to intervene in the Settling Health Plan litigations. Intervenors neither asserted nor has the Court granted Intervenors any right to take discovery of the Settling Health Plans or their counsel. And though Intervenors' Motion to Compel on its face claims that it relates only to "All Class Actions," Intervenors seek to take from Aetna – which is not a party to any Class Action – burdensome discovery that has no possible connection to the Class Settlement and which implicates not only a broad array of privileges and protections, but the Health Insurance Portability and Accountability Act ("HIPAA") as well. For example, Intervenors seek from Aetna the identification of every insured for whom Aetna has ever made an insurance payment

for Lupron, and the dollar amount paid for each insured. (Intervenors' Interrogatory Request No. 6(a)-(c)).

In short, even if this Court were to allow the Intervenors to conduct limited discovery concerning the fairness and adequacy of the Class Settlement, Aetna is not a party to the Class Settlement and as a private party was free to settle with defendants on any terms it negotiated. And since the Settling Health Plans are not parties to the Class Actions, they are hardly in a position to enlighten Intervenors as to the Class Settlement.[3]

IV. **THE INFORMATION THAT INTERVENORS SEEK INVADES PRIVILEGE, PROBES CONFIDENTIAL COMMERCIAL AND FEDERALLY PROTECTED INFORMATION, DOES NOT APPEAR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE, IS OVERBROAD AND APPEARS CALCULATED TO HARASS AND CAUSE UNDUE BURDEN ON AETNA AND ITS COUNSEL.**

The discovery Intervenors seek necessarily invades privilege: Intervenors' discovery seeks information that is protected by the attorney-client privilege, the work-product doctrine, third-party confidentiality agreements or protective orders and other privileges and requests confidential and proprietary information. Moreover, given the extensive materials already provided to Intervenors' counsel and considering the strict limitations on an Intervenor's right to discovery, the proposed deposition discovery that Intervenors now seek cannot be viewed as reasonably calculated to lead to the discovery of admissible evidence. Rather, this discovery is unwarranted, overbroad, and burdensome, especially in light of the fact that Aetna is

---

[3] Intervenors have already been provided with the necessary class settlement information from Defendants, including, *inter alia*, complete copies of the MDL parties' Memoranda of Understanding, the Class and SHP Agreements, and all materials submitted by the MDL parties in connection with the MDL Plaintiffs' Motion for Class Certification, including fact and expert depositions and expert reports. *See* Schedule A to Defendants' Objections to Intervenors' Proposed Depositions.

7

not a party to the class action in which Intervenors were permitted to intervene. Accordingly, Intervenors' Motion to Compel should be denied for this reason as well.

## CONCLUSION

Intervenors' attempts to serve "discovery" on the non-class member Settling Health Plans or their counsel must be limited to the non-party discovery devices provided for by the Federal Rules, and cannot be permitted to go forward in the manner Intervenors have attempted. Moreover, the discovery sought calls for Aetna to disclose protected, confidential and privileged information, including information that is protected not only by attorney-client privilege and work product, but also by federal health privacy laws, and not only is wholly improper and burdensome, but also bears no possible relevance to the adequacy or fairness of the Class Settlement.

For the reasons set forth in this memorandum, Intervenors' Motion to Compel should be denied, Aetna and its counsel should not be required to respond to Intervenors'

discovery requests and Aetna and its counsel should not be required to appear for deposition pursuant to any subpoena that has been or may be served on Aetna or its counsel.

Respectfully submitted,

/s/ Elizabeth K. Ainslie
Elizabeth K. Ainslie
Theresa E. Loscalzo
Jonathan S. Liss
Jessica W. Troiano

Attorneys for Plaintiff,
  Aetna Health, Inc. and Elizabeth Ainslie

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
(215) 751-2000

Of Counsel.

Dated: March 10, 2005.

9

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2005, I caused to be served a true and correct copy of the foregoing Response of Aetna Health, Inc. to Intervenor Plaintiffs Valerie Samsell's and Milton Greene's Emergency Motion to Compel Discovery From Proponents of the Settlement and Third Parties and For Adjournment of the Fairness Hearing via facsimile and first class mail, postage prepaid, on:

> Donald E. Haviland, Jr., Esquire
> Kline & Specter, P.C.
> Commerce Center, Suite 302
> 1800 Chapel Avenue
> Cherry Hill, NJ 08002

And via verilaw on:

Daniel E. Reidy
Tina M. Tabacchi
Kelly P. Glauberman
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692

Joseph F. Savage, Jr.
Goodwin Procter
Exchange Place
Boston, MA 02109

Zona Jones
Gregory C. Cox
Provost Umphrey, L.L.P.
P.O. Box 4905
Beaumont, TX 77704

Michael A. Lee
J. Hoke Peacock, III
Joseph S. Grinstein
Susman Godfrey, L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096

Thomas M. Sobol
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110

Jeffrey L. Kodroff
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Michael D. Hausfeld
Cohen, Milstein, Hausfeld & Toll
1100 New York Avenue, N.W. Suite 500
Washington, DC 20005

Charles A. Dauphin
Baxley, Dillard, Dauphin, McKnight
  & Barclift
2008 3rd Avenue South
Birmingham, AL 35233

Joshua T. Buchman
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606

Robert R. Stauffer
Jenner & Block
One IBM Plaza, 45th Floor
Chicago, IL 60611

Michael Hefter
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019

| | |
|---|---|
| Joseph Saveri<br>Lief Cabraser Heimann & Bernstein<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339 | Richard W. Cohen<br>Lowey Dannenberg Bemporad<br>  & Sellinger P.C.<br>The Gateway<br>One North Lexington Avenue<br>White Plains, NY 10601 |

/s/ Jonathan S. Liss
Jonathan S. Liss

PHDATA 1267473_1